**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | CASE NO. 23-59726-PWB |
| RED APPLE INVESTMENTS, LLC, ) | |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | |

**CREDITOR DELTA CARPET & DÉCOR, LLC'S MOTION FOR**
**RULE 2004 EXAMINATION OF DEBTOR AND PRODUCTION OF DOCUMENTS**

Creditor Delta Carpet & Décor, LLC ("**Delta Carpet**" or the "**Creditor**") moves this Court for an Order authorizing the examination of and production of documents by Red Apple Investments, LLC (the "**Debtor**") pursuant to Federal Rule of Bankruptcy Procedure 2004 ("**Rule 2004**"), respectfully showing the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On or about June 14, 2021, Delta Carpet entered into an oral contract with the Debtor (the "**Contract**") to provide floor installations to the Debtor's real property known as Tara Woods Apartments located in Clayton County, Georgia and having a local address of 661 Sherwood Drive Jonesboro, Georgia 30236 (the "**Property**").

4. The value of the labor and materials furnished by Delta Carpet to the Debtor was $39,471.34. Having not received payment from the Debtor, Delta Carpet filed a Claim of Mechanic's Lien with the office of the Clerk of Superior Court of Clayton County on June 20, 2022, which can be found at Lien Book 1589, Page 707 et seq.

5. On February 23, 2023, Delta Carpet initiated a civil lawsuit in the Superior Court of Clayton County, Case No. 2023-CV-00631-11, naming Pacific Holdings Partnership LP d/b/a Red Apple Investments, LLC and Youval Apple LLC, and a/k/a Youval Ziv, and Red Apple Investments, LLC as defendants (the "**State Court Action**").  Currently the State Court Action is stayed due to the Debtor's bankruptcy case.

6. The Complaint in the State Court Action asserts the following counts: (i) breach of contract, (ii) unjust enrichment, (iii) quantum meruit, and (iv) general damages arising from the breach of contract, plus any interest accrued and attorney's fees (the "**Claims**").

7. After further investigation, Delta Carpet has reason to believe that additional information is required from the Debtor to analyze the actions of the Debtor and non-debtors against whom Delta Carpet asserts Claims.

### REQUESTED RELIEF AND BASIS FOR RELIEF REQUESTED

8. Delta Carpet seeks to examine the Debtor regarding the Contract between Delta Carpet and the Debtor, the Debtor's financial condition, and for all other purposes that are proper and under Rule 2004, and requests entry of an order substantially in the form of the order attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the examination requested herein.

9. Bankruptcy Rule 2004(a) provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).  Rule 2004(b) states that the examination may relate to, among other things, "the acts, conduct, or follows: property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

10. The scope of a Rule 2004 examination is "unfettered and broad," as the wording of the rule indicates. *In re Brazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998). The scope of a

Rule 2004 examination is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *See, e.g., In re Lang*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989). The well-settled scope of discovery conducted under Rule 2004 is so fundamental to the bankruptcy process and permissibly broad that courts have gone so far as to use with approval words and phrases such as "fishing expedition," "exploratory and groping," and "inquisition." *See, e.g., In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998); *In re Drexel Burnham Lambert Group*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984).

11. The Advisory Committee's Note to Rule 2004 provides, in pertinent part, that the Motion may be heard *ex parte* or may be heard on notice. Notably, Rule 2004 does not require notice or a hearing for such a motion to be granted.

12. The Debtor, upon information and belief, has information related to the Claims and information regarding matters necessary for the administration of this estate.

## CONCLUSION

WHEREFORE, Delta Carpet respectfully requests that this Court:

a) Enter an order substantially in the form of the Proposed Order attached hereto as **Exhibit A**;

b) Order the Debtor to produce the documents set forth in **Exhibit B** to the Motion no later than March 18, 2024;

c) Order the Debtor to appear for an examination at Delta Carpet's counsel's offices at 2801 Buford Highway, Suite 115, Atlanta GA 30329 on March 25, 2024, at 10:00 a.m. or at such other time and place to be agreed upon by the parties or as set forth in a further order of the Court; and

    d) Grant such other and further relief as the Court deems just and proper.

Dated: February 19, 2024                      Respectfully submitted,

                                              **KECK LEGAL, LLC**

                                              */s/ Craig A. Cooper*
Benjamin R. Keck, Ga. Bar No. 943504
Craig A. Cooper, Ga. Bar No. 941033
2566 Shallowford Road, Suite 104-252
Atlanta, GA 30345
Tel. (470) 826-6020
bkeck@kecklegal.com
ccooper@kecklegal.com
***Counsel for Delta Carpet & Décor, LLC***

**EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **In Re:** ) | |
| ) | **CASE NO. 23-59726-PWB** |
| **RED APPLE INVESTMENTS, LLC,** ) | |
| ) | **CHAPTER 11** |
|     Debtor. ) | |
| ) | |

**ORDER GRANTING**
**CREDITOR DELTA CARPET & DÉCOR, LLC'S MOTION FOR**
**RULE 2004 EXAMINATION OF DEBTOR AND PRODUCTION OF DOCUMENTS**

This matter is before the Court on the Motion of Creditor Delta Carpet & Décor, LLC for an order pursuant to Federal Rule of Bankruptcy Procedure 2004 to take discovery and conduct an examination of the Debtor (the "**Motion**").[1] Upon consideration of the Motion and all other matters of record,

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

It is hereby **ORDERED** as follows:

1. The Motion is GRANTED.

2. The Debtor shall produce the documents set forth in **Exhibit B** to the Motion no later than March 18, 2024.

3. The Debtor shall appear for an examination at Delta Carpet & Décor, LLC's counsel's offices at 2801 Buford Highway, Suite 115, Atlanta GA 30329 on March 25, 2024, at 10:00 am or at such other time and place to be agreed upon by the parties or as set forth in a further order of the Court.

4. This Order shall be effective immediately upon entry.

5. The Court shall retain jurisdiction over all matters related to the interpretation or enforcement of this Order.

### ### END OF ORDER ###

**Prepared and presented by:**

KECK LEGAL, LLC

*/s/ Craig A. Cooper*
Benjamin R. Keck, Ga. Bar No. 943504
Craig A. Cooper, Ga. Bar No. 941033
2566 Shallowford Road, Suite 104-252
Atlanta, GA 30345
Tel. (470) 826-6020
bkeck@kecklegal.com
ccooper@kecklegal.com
**Counsel for Delta Carpet & Décor, LLC**

**Distribution List:**

Paul Reece Marr
Paul Reece Marr, PC
6075 Barfield Rd., Suite 213
Sandy Springs, GA 30328

Office of the United States Trustee,
c/o Thomas Dworschak
362 Richard Russell Building
75 Ted Turner Drive, S.W., Suite 362
Atlanta, GA 30303

## EXHIBIT B

### Document Requests

#### DEFINITIONS

"**Agreement**" shall mean all verbal or written agreements between two parties.

"**Bankruptcy Case**" shall refer to *In re Red Apple Investments, LLC*, Case No. 23-59726-PWB, currently pending in the United State Bankruptcy Court for the Northern District of Georgia.

"**Claim of Mechanic's Lien**" shall mean the claim of mechanic's lien in the amount of $39,471.34, filed with the Clerk of Superior Court of Clayton County on June 20, 2023, in lien book 1589, page 707.

"**Communication**" shall be construed broadly and means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes memoranda, correspondence, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, recordings of any other type in any medium of written or oral communications, phone logs, call logs, message logs, and notes and memoranda of, or referring or relating to, written or oral Communications. A Communication is responsive for purposes of these Interrogatories and Requests regardless of the sender and recipients of the Communication.

"**Document**" means any handwritten, typewritten, printed, recorded, transcribed, photocopy, film, computer generated, electronically recorded, or on computer disk, or otherwise prepared, produced or reproduced item, which is in or has been in the possession of the deponent or in its possession, custody or control, or of which the deponent has notice, knowledge or information, including, but not limited to all papers, letters, correspondence, stenographic or handwritten notes, memoranda, reports, bulletins, printed forms, tests, contracts, agreements, application rosters, licenses, memoranda, reports, bulletins, printed forms, tests, contracts, agreements, applications, rosters, licenses, memoranda or minutes of meetings or conversations (personal or telephonic), books, records, notices, computer tapes, computer disks, records (including, but not limited to computer cards, computer printouts and computer records on tape or otherwise stored in a computer memory bank, whether or not presently tangible, but which can be made tangible), summaries, studies, surveys, calculations, analyses, instructions, schedules, exhibits, confirmations of understandings reduced to writings, and other times in which information can be obtained or translated or transcribed, if necessary, and all other writings and papers of every description whatsoever.

"**Flooring Installation Services**" shall mean the installation of interior flooring and other interior renovations by Delta Carpet & Décor, LLC on the Subject Property.

"**Person**" means natural person or business entity including, but not limited to, profit and not-for-profit corporations, limited liability companies, partnerships, joint ventures, sole proprietorships, cooperatives, and associations.

"**Petition Date**" means the date the petition for relief under chapter 11 of the Bankruptcy Code was filed in Bankruptcy Case No. 23-59726-PWB, or October 3, 2023.

"**Red Apple Investments, LLC**" and the "**Debtor**" and "**You/Your**" shall refer without limitation to Red Apple Investments, LLC and its representatives, predecessors, successors, parents, subsidiaries, D/B/As, alter egos, affiliates, divisions, executors, administrators, successors-in-interest, assigns, agents, attorneys, employees, consultants, and anyone else currently or formerly acting or purport to act on its behalf for any purpose whatsoever, whether pre-petition or post-petition.

"**State Court Action**" shall refer to *Delta Carpet & Décor, LLC v. Pacific Holdings Partnership LP d/b/a Red Apple Investments, LLC and Youval Apple, LLC, and a/k/a Youval Ziv, and Red Apple Investments, LLC*, Case No. 2023-CV-00631-11, in the Superior Court of Clayton County in the state of Georgia and any pleadings filed therein.

"**Subject Property**" shall refer to real property known as Tara Woods Apartments located in Clayton County, Georgia and having a local address of 661 Sherwood Drive Jonesboro, Georgia 30236.

"**Unpaid Invoices**" shall refer to any outstanding amount owed by the Debtor to Delta Carpet & Décor for the Flooring Installation Services between March 18, 2021, and April 5, 2022.

You are hereby requested to produce for inspection and copying the following:

### REQUESTS

1. Copies of the Debtor's state and federal tax returns with supporting schedules for the years 2019, 2020, 2021, 2022, and 2023 including any notices of liens, any notices of levies, any offers in compromise, and all evidence related to the foregoing.

2. Copies of all account statements for any account held by the Debtor with any bank or financial institution reflecting itemized transactions from January 1, 2020 through the date of your response

3. All financial records of the Debtor from January 1, 2020 through the date of your response, including:

    a. Federal and state income tax returns;

    b. Bank statements;

    c. Loan documents;

      d.  Credit card statements;

      e.  Profit and loss (P&L) statements;

      f.  Balance sheets;

      g.  Invoices;

      h.  Contracts;

      i.  Lease agreements;

      j.  Employee personnel files; and

4. Copies of all of the Debtor's audited or unaudited monthly, quarterly, and/or annual financial statements, including but not limited to profit and loss statements, balance sheets, and income and cash flow statements, prepared by or for the Debtor, reflecting any period from January 1, 2020, through the date of your response.

5. All Documents and Communications relating to the value of any and all of the Debtor's assets, inventory, and equipment including without limitation all related appraisals, valuations, supporting documents, and revenue or income derived from such assets from January 1, 2020 through the date of your response.

6. All Documents and Communications evidencing, reflecting, or relating to any transfer of any property from the Debtor (or any third party on the Debtor's behalf) to other Person or third party from January 1, 2020 through the date of your response.

7. All Documents and Communications related to offers to purchase and/or the valuation or appraisal of the Subject Property and any premises constructed thereupon that the Debtor has provided to, received from, and/or exchanged with any Person or third party from January 1, 2020 through the date of your response.

8. All Documents and Communications related to or arising from inspections or surveys of the Subject Property from January 1, 2020 through the date of your response.

9. All Documents and Communications related to or arising from licenses and/or permits sought and/or obtained in the course of development and construction on the Subject Property from January 1, 2020 through the date of your response.

10. All Documents and Communications evidencing, reflecting, or relating to any subsequent transfer of any property, or any products or proceeds thereof, from the Debtor to any other Person and/or to any subsequent transferee from that Person from January 1, 2020 through the date of your response.

11. All documents, correspondence, or other communications related to the Flooring Installation Services provided by Delta Carpet & Décor, LLC to Red Apple Investments, LLC between the dates of March 18, 2021, and April 5, 2022.

12. All documents, correspondence, or other communications related to the Agreement between Delta Carpet & Décor, LLC and Red Apple Investments, LLC outlining the Flooring Installation Services to be provided at the Subject Property.

13. All communications (including verbal, telephone, and/or electronic) made between Delta Carpet & Décor, LLC and Red Apple Investments, LLC in regard to the need for Flooring Installation Services at the Subject Property between March 18, 2021, and April 13, 2022.

14. All documents, correspondence, or other communications related to the negotiations (including verbal, telephone, and/or electronic) made between Delta Carpet & Décor, LLC and Red Apple Investments, LLC in regard to the need for Flooring Installation Services at the Subject Property between March 18, 2021, and April 13, 2022.

15. All documents, correspondence, or other communications related to the Flooring Installation Services provided by Delta Carpet & Décor, LLC at the Subject Property between March 18, 2021, and April 13, 2022, including statements by Red Apple Investments, LLC's

employees and agents, interviews, documents, or other evidence of the Flooring Installation Services.

16. All documents, correspondence, or other communications containing facts or evidence to support the contention that Delta Carpet & Décor, LLC breached the Agreement as alleged in Red Apple Investments, LLC's answer and discovery responses.

17. All documents, correspondence, or other communications containing facts or evidence to support the contention that Delta Carpet & Décor, LLC did not perform its contractual obligations as alleged in Red Apple Investments, LLC's answer and discovery responses.

18. All documents, correspondence, or other communications containing facts or evidence to establish the exact times, dates, and place of Delta Carpet & Décor, LLC's alleged nonperformance.

19. All documents, correspondence, or other communications containing facts or evidence to support the contention that the legal doctrines of Waiver and Unclean Hands bar the relief being sought by Delta Carpet & Décor, LLC.

20. All documents, correspondence, or other communications containing facts or evidence to support the contention that Delta Carpet & Décor, LLC failed to satisfy all conditions precedent to the enforcement of its Agreement with Red Apple Investments, LLC or the perfection of its Claim of Lien, including failure to satisfy the requirements of O.C.G.A. § 44-14-361.1 as alleged in Red Apple Investments, LLC's answer.

21. All documents, correspondence, or other communications containing facts or evidence to support the allegation that the Flooring Installation Services provided by Delta Carpet & Décor, LLC at the Subject Property was negligent and nonconforming.

22. All documents, correspondence, or other communications containing facts or evidence of any attempts by Red Apple Investments, LLC to notify Delta Carpet & Décor, LLC of any alleged negligent or nonconforming work in relation to the Flooring Installation Services provided at the Subject Property, including the dates and times of any such communications and the parties to whom the communications were directed.

23. All documents, correspondence, or other communications containing facts or evidence of any way in which Delta Carpet & Décor, LLC's allegedly negligent work resulted in damages to Defendant.

24. All documents, correspondence, or other communications containing facts or evidence of any attempts by Defendant to pay for the Flooring Installation Services provided by Delta Carpet & Décor, LLC at the Subject Property.

25. All documents, correspondence, or other communications regarding other lawsuits presently pending against any interest in the Subject Property.

26. All documents, correspondence, or other communications regarding the relationship between Red Apple Investments, LLC to Pacific Holdings Partnership LP and Youval Ziv.

27. All documents, correspondence, or other communications containing facts or evidence to support your refusal to pay invoices issued by Delta Carpet & Décor, LLC.

28. The name, address, and telephone number of each person, agent, or employee claimed by any party to be a witness to any of the following:

    a. The claims alleged in the complaint filed in the State Court Action; and

    b. The defenses raised in this Answer.

29. All Documents or Communications relied on while preparing this Answer.

## CERTIFICATE OF SERVICE

I certify that on February 19, 2024, I filed the foregoing pleading via the Court's CM/ECF system, which generates an electronic service copy thereof and delivers it to all parties registered to receive notices thereby.

Dated: February 19, 2024                    Respectfully submitted,

**KECK LEGAL, LLC**

*/s/ Craig A. Cooper*
Benjamin R. Keck, Ga. Bar No. 943504
Craig A. Cooper, Ga. Bar No. 941033
2566 Shallowford Road, Suite 104-252
Atlanta, GA 30345
Tel. (470) 826-6020
bkeck@kecklegal.com
ccooper@kecklegal.com
***Counsel for the Delta Carpet & Décor***